CONTINENTAL SECURITIES CO. et al. v. BELMONT et al.

(Supreme Court, Special Term, Nassau County. April, 1911.)

1. PLEADING (§ 191*)—DEFENSE—NEW MATTER—OPTION—OPTION OF PLEADING.

   Where a defense consisting of new matter is interposed, plaintiff may demur, or rest on the provision of the Code that the defense is deemed to be controverted by traverse or avoidance, and it is not for the court to determine which method he shall pursue.

   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 191.*]

2. PLEADING (§ 339*)—DEFENSE—NEW MATTER—DEMURRER—WITHDRAWAL.

   Where plaintiff elected to demur to new matter in the answer, instead of resting upon the provision of the Code that the defense was deemed controverted by traverse or avoidance, he cannot withdraw the demurrer, except by leave of court.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1041; Dec. Dig. § 339.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PLEADING (§ 339*)—WITHDRAWAL OF DEMURRER—CONDITIONS AND TERMS.

Where plaintiff demurred to new matter, instead of relying upon the Code provision that the defense was deemed controverted by traverse or avoidance, if granted permission to withdraw the demurrer, and distinct injury is caused to defendant, the motion should not be granted, except upon terms.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1035; Dec. Dig. § 339.*]

4. PLEADING (§ 339*)—WITHDRAWING DEMURRER—PREJUDICE.

Where it is not shown that defendants' position will be changed, they cannot object to the withdrawal of a demurrer to the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1041; Dec. Dig. § 339.*]

5. PLEADING (§ 339*)—WITHDRAWAL OF DEMURRER—CONDITIONS.

Where a demurrer has been noticed for argument, costs before and after notice of trial should be awarded as a condition of the withdrawal thereof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1035; Dec. Dig. § 339.*]

6. PLEADING (§ 166*)—REPLY—NEW MATTER—SEPARATE MOTION.

The question whether plaintiff should be required to reply to new matter set up in the answer should be the subject of a separate motion, and cannot be determined on plaintiff's motion to withdraw his demurrer to the answer.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 166.*]

Action by the Continental Securities Company and others against August Belmont and others. On motion for leave to withdraw a demurrer. Motion granted.

Stephen M. Yeaman (J. Aspinwall Hodge, of counsel), for the motion.

Davies, Auerbach, Cornell & Barry and Nicoll, Anable, Lindsay & Fuller (Julien T. Davies and De Lancey Nicoll, of counsel), opposed.

BLACKMAR, J. [1] When a defense consisting of new matter is interposed, the plaintiff has the option, in his discretion, to determine whether he will demur on the ground that it is insufficient in law on the face thereof, or will rest upon the provision of the Code that the defense is deemed to be controverted by traverse or avoidance as the case may require. It is left to the plaintiff's discretion to determine which course he will adopt.

[2] In this case, the plaintiff elected to demur, and now seeks to withdraw the demurrer. This can only be done by leave of the court.

[3] If granting such permission would cause distinct injury to the defendants, due to the interposition of the demurrer and its subsequent withdrawal, the motion should not be granted, except upon terms which will make the defendants whole.

[4] I am not able to see how the defendants in this case can be prejudiced by the withdrawal of the demurrer. I do not think that it is for the court to determine whether the matter can be best disposed of on the demurrer or on the trial of the issues; for this ques-

tion the plaintiff has, by our system of practice, the right to determine for himself, in the absence of an order requiring a reply. It is not shown to me that the position of the defendants would be changed or prejudiced by an order granting leave to withdraw this demurrer.

[5] As the demurrer has been noticed for argument, costs before and after notice of trial should be awarded as a condition.

[6] The question whether or not the plaintiff should be required to reply to the new matter should be the subject of a separate motion, and upon the merits of that question I express no opinion. My decision is based upon the principle that the plaintiff, in the absence of an order of the court, should be permitted to decide for itself whether or not it will demur, and that the withdrawal of the demurrer will cause no injury to the defendants which cannot be compensated by awarding costs as a condition thereto.

The motion is granted, on the condition that the plaintiff, within five days, pay to each of the defendants who have appeared by separate attorneys costs before and after notice of trial, namely, $30, and without prejudice to a motion to compel the plaintiff to reply. If the condition is not complied with, the motion is denied, with $10 costs.